UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ABELARDO RODRIGUEZ,

Plaintiff,

v.

GEICO GENERAL INSURANCE COMPANY,

Defendant.

Case No. 1:25-cv-01849-CDB

ORDER ON STIPULATION AMENDING SCHEDULING ORDER AS MODIFIED

(Docs. 12, 16)

**Background**

Plaintiff Abelardo Rodriguez ("Plaintiff") initiated this action with the filing of a complaint in state court on November 12, 2025. (Doc. 1-1). Defendant Geico General Insurance Company removed the action to this Court on December 15, 2025. (Doc. 1).

On March 24, 2026, the Court entered the operative scheduling order setting forth discovery, motion, pretrial and trial dates and deadlines. (Doc. 12). Therein, the Court reiterated its expectation that the deadlines set "are considered to be firm" subject to modification only upon a showing of good cause.

In advance of the mid-discovery status conference, the parties filed a report in which they represented their anticipated request of the Court to extend only expert discovery deadlines to accommodate their ability to mediate their disputes prior to designating expert witnesses. (Doc. 14). Thereafter, on August 11, 2026, the Court vacated the mid-discovery status conference set

for August 17, 2026, based on the information contained in the parties' joint status report and reminded the parties of their obligation to diligently pursue and timely complete discovery within the scheduled case management dates. (Doc. 15).

Pending before the Court is the parties' joint stipulated request for amendment of the scheduling order to allow time for mediation efforts, filed on September 15, 2026. (Doc. 16). The parties represent that they have diligently conducted written discovery and that counsel have met and conferred regarding depositions to be scheduled in this case. *Id.* at 2. The parties reiterate that they have engaged in informal discussions regarding alternative dispute resolution and have agreed to proceed with private mediation. *Id.* To that end, the parties have scheduled a private mediation with an identified mediator to take place on March 16, 2027. *Id.* at 2. The parties seek to continue the requested dates below to permit them time to explore whether the matter may be resolved by meditation before incurring costs associated with discovery and motions. *Id.* at 3. In support of the requested modifications, the parties attach the declaration of counsel for Defendant Anna Birenbaum, setting forth the same. *See* (Doc. 16 at 8-9, "Birenbaum Decl.").

The parties request the following extensions of the operative scheduling order, *see* (Doc. 12 at 5); (Doc. 16 at 4-5):

| **Event** | **Current Date** | **New Date** |
|---|---|---|
| Non-Expert Discovery Deadline | 09/21/2026 | 05/10/2027 |
| Expert Disclosure Deadline | 10/5/2026 | 05/28/2027 |
| Rebuttal Disclosure Deadline | 10/19/2026 | 06/11/2027 |
| Expert Discovery Deadline | 11/23/2026 | 07/12/2027 |
| Non-Dispositive Motion Filing Deadline | 12/07/2026 | 07/02/2027 |
| Non-Dispositive Motion Hearing Deadline | 01/11/2027 | 08/20/2027 |
| Dispositive Motion Filing Deadline | 02/08/2027 | 07/02/2027 |
| Dispositive Motion Hearing Deadline | 03/15/2027 | 08/20/2027 |
| Pretrial Conference | 5/11/2027 | 08/30/2027 |
| Jury Trial | 7/12/2027 | 10/25/2027 |

**<u>Discussion</u>**

The Court acknowledges based on the parties' representations that they have engaged with

a mediator and based on their schedules are unavailable for mediation until March 16, 2027. (Doc. 16 at 2; Birenbaum Decl. ¶ 3). While the Court is mindful of the parties' desires to save costs by delaying discovery until mediation is completed, that is not the principal question the Court must answer in deciding whether to grant the relief requested. Instead, it is whether good cause warrants the significant extensions sought, which requires the parties to demonstrate that they are unable to reasonably meet a deadline despite acting diligently. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-10 (9th Cir. 1992)

Here, after balancing other equities in addition to the parties' desires to save costs and to potentially resolve their disputes without further litigation, including management of the Court's docket, the Court finds that the parties have not demonstrated sufficient good cause to grant the extensions requested. Specifically, there is no showing that the parties *cannot* without reasonable diligence complete all or most discovery before the mediation. Accordingly, the Court will grant limited relief to the following extent: all non-expert discovery shall be completed before the parties' private mediation set for March 16, 2027, with in-kind extensions to expert discovery deadlines and all other case management dates, as set forth below.

In light of the significant expansions of discovery and pretrial motion deadlines granted to date, the Court admonishes the parties that it is unlikely to grant further extensions of time absent extraordinary circumstances and expects the parties to undertake any settlement or mediation efforts in parallel with these extended deadlines without any expectation that additional extensions of time will be granted.

**<u>Conclusion and Order</u>**

Good cause appearing, IT IS HEREBY ORDERED that the operative scheduling order (Docs. 12) is amended <u>as modified</u> as follows:

| Event | Current Date | Amended Date |
|---|---|---|
| 1. Non-Expert Discovery Deadline | 09/21/2026 | <u>3/15/2027</u> |
| 2. Expert Disclosure Deadline | 10/05/2026 | <u>04/05/2027</u> |
| 3. Rebuttal Disclosure Deadline | 10/19/2026 | <u>04/19/2027</u> |
| 4. Expert Discovery Deadline | 11/23/2026 | <u>05/17/2027</u> |

| | | |
|---|---|---|
| 5. Non-Dispositive Motion Filing Deadline | 12/07/2026 | 05/31/2027 |
| 6. Non-Dispositive Motion Hearing Deadline | 01/11/2027 | 07/07/2027 |
| 7. Dispositive Motion Filing Deadline | 02/08/2027 | 08/02/2027 |
| 8. Dispositive Motion Hearing Deadline | 03/15/2027 | 09/07/2027 |
| 9. Pretrial Conference | 05/11/2027 | 11/09/2027 |
| 10. Jury Trial | 07/12/2027 | 01/11/2028 |

All other provisions of the operative scheduling order (Docs. 12, 15) and existing case management dates not in conflict with this order remain in effect.

IT IS SO ORDERED.

Dated: **September 17, 2026**

UNITED STATES MAGISTRATE JUDGE